IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VICTOR TARPLEY, KJ-8449, )
    Petitioner, )
     )
    v. )  2:15-CV-345
     )
NANCY GIROUX, et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Victor Tarpley for a writ of habeas corpus (ECF No.1) be dismissed and because reasonable jurors could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Victor Tarpley, an inmate at the State Correctional Institution at Albion has presented a petition for a writ of habeas corpus which he has been granted leave to further prosecute in forma pauperis. He is presently serving an eight to twenty year sentence imposed following his conviction by a jury of charges of kidnapping for ransom, robbery and fleeing or attempting to elude at CP-26-CR-1430-2010 in the Court of Common Pleas of Fayette County, Pennsylvania. This sentence was imposed on January 19, 2012.[1]

An appeal was taken to the Superior Court in which the issues presented were:

1. Whether the evidence was legally and factually insufficient to prove that defendant committed the crimes of kidnapping for ransom, robbery, conspiracy to commit robbery, possession of firearms prohibited, theft by unlawful taking, conspiracy to commit theft, terroristic threats, conspiracy to commit terroristic threats and fleeing or attempting to elude.

2. Whether the court erred in permitting the Commonwealth to proceed with questions regarding identification on redirect examination of Caleb Wood when the questions were beyond the scope of cross-examination.

---

[1] See: Petition at ¶¶ 1-6.

3. Whether the Court abused its discretion in sentencing defendant to eight to twenty years and 7 and one-half to fifteen years concurrently.[2]

On January 16, 2013, the judgment of sentence was affirmed.[3] On July 3, 2013 allowance of appeal was denied by the Pennsylvania Supreme Court.[4]

A post-conviction petition was filed on October 7, 2013 and dismissed on March 26, 2014.[5] An appeal was taken to the Superior Court in which the petitioner, pro se, raised the following issues:

1. Counsel's last minute appointment on the eve of trial caused him to be unprepared and unfamiliar with the case.

2. Trial counsel and substitute counsel failed to prepare or do any meaningful investigation.

3. Trial counsel failed to object to improper remarks made by prosecution during closing remarks.

4. Abuse of discretion by trial court for denial of continuance caused counsel to be ineffective.

5. P.C.R.A. counsel and P.C.R.A. court claim to have reviewed the whole record was error.

6. P.C.R.A. counsel and P.C.R.A. court erred in dismissing appellant's P.C.R.A. motion and its claim of appellant being time barred.

7. P.C.R.A. court erred by not allowing appellant to amend his P.C.R.A. motion.[6]

On October 14, 2014, the Superior Court affirmed the denial of post-conviction relief.[7] Leave to appeal to the Pennsylvania Supreme Court was denied on February 11, 2015.[8]

A second post-conviction petition was filed on March 23, 2015, and dismissed as untimely on April 28, 2015.[9]

---

[2] See: Exhibit 18 to the answer.
[3] See: Exhibit 20 to the answer.
[4] See: Exhibit 10 to the answer.
[5] See: Exhibit 15 to the answer.
[6] See: Exhibit 23 to the answer.
[7] See: Exhibit 25 to the answer.
[8] See: Exhibit 28 to the answer.

In the instant petition executed on March 3, 2015, petitioner contends he is entitled to relief on the following grounds:

1. 6th Amendment ineffective assistance of counsel. Failure to object to improper remarks by the prosecutor during closing arguments. In front of the sitting jury the prosecutor told the jury that petitioner is absent which is his consciousness of guilt.

2. 6th Amendment ineffective assistance of counsel. Failure to investigate and properly prepare for trial. Trial counsel was appointed on the eve of trial before the jury was to be selected.

3. 6th Amendment ineffective assistance of counsel. Failure to object to biased juror.[10]

The background to this prosecution is set forth in the October 14, 2014 Memorandum of the Superior Court:

> Caleb Wood ("Victim") testified to the following at trial. He knew Appellant's co-conspirator, Kathy Ann Bass, but did not know Appellant. On August 24, 2010, Kathy and her brother Justin picked [Victim] up in a car. Kathy drove and Victim sat behind her. When the car stopped, Justin got out of the car and opened the trunk. Five seconds later, Appellant entered the car through the passenger side door, pointed a gun … at the Victim, and told him, "You already know, don't move."
>
> The trial court summarized Appellant's ensuing actions: he led victim from the vehicle they traveled in into a house; blindfolded or caused Victim to be blindfolded; forced Victim to call his brother, mother, and girlfriend to demand money; spoke with Victim's brother regarding the demand; used a Taser on Victim; and patted down [Victim's] person and forcibly took money from [his] person. Appellant then took Victim, still blindfolded and with his hands tied, back to the vehicle. Appellant drove, and Victim did not believe he could have escaped. The Pennsylvania State Police pursued [Appellant] upon his failure to properly signal, but Appellant did not stop and [t]he pursuit lasted approximately 10-15 minutes…
>
> Appellant's jury trial commenced on October 5, 2011. Although Appellant appeared for jury selection, he subsequently absconded. Following a trial *in absentia*, the jury convicted Appellant of kidnapping for ransom, robbery, criminal conspiracy, and related offenses. Appellant was apprehended in January

---

[9] See: Exhibit 30 to the answer. In his reply (ECF No.19), petitioner represents that he will not pursue an appeal from this decision.
[10] See: Petition at ¶12.

3

2012. On January 19, 2012, the court sentenced Appellant to an aggregate term of eight (8) to twelve (12) years' imprisonment…[11]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, leave to appeal his conviction to the Pennsylvania Supreme Court was denied July 3, 2013 and certiorari was not sought. Thus, Tarpley's conviction became final on October 1, 2013. Gonzalez v. Thaler, 132 S.Ct. 641 (2012). The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner sought post-conviction relief on October 7, 2013. That petition was denied; the denial of post-conviction relief was affirmed by the Superior Court on October 14, 2014, and leave to appeal to the Pennsylvania Supreme Court was denied on April 28, 2015. The instant petition was executed on March 3, 2015, and is timely.[12]

---

[11] See: Exhibit 25 to the answer at pp. 1-2.
[12] The fact that Tarpley filed an "untimely" second post-conviction petition does not in any way alter this determination.

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable

application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

That is, the state court determination must be objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855 (2010). This is a very difficult burden to meet. Harrington v. Richter, 131 S.Ct. 770 (2011).

It appears that the first two issues which the petitioner seeks to raises here, i.e., counsel's ineffectiveness for failing to object to the prosecutor arguing in his closing about inferences to be drawn from the petitioner's fleeing the police and his absence from trial, and counsel's lack of preparation for trial, were raised in the state courts and for this reason are properly before this Court. However, his third issue alleging ineffective counsel for failure to object to juror bias, was never raised in the state courts and for this reason it is not properly before this Court and will not be considered here.[13]

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

---

[13] It appears that petitioner is seeking to raise this issue as a Martinez [v. Ryan, 132 S.Ct. 1309(2012)] claim which under very limited circumstances permits a petitioner to raise an ineffectiveness of post-conviction counsel claim for the first time in a federal proceeding. However, this argument is of no avail here as the post-conviction proceedings were conducted by the petitioner, pro se, and for this reason there can be no claim of ineffective assistance of counsel during those proceedings.

The first issue which Tarpley properly raises here is that counsel was ineffective in failing to object to the prosecutor's closing argument in which he contended that the petitioner's flight and absence from trial demonstrated a consciousness of guilt. Specifically, during his closing, the prosecutor argued:

> Let's look at the actions of Victor Tarpley, the actions that we know about, and the acts that we are absolutely certain about, based upon the testimony not of [a witness], but of the police in this case, based upon the defendant's own actions. There's something in law called consciousness of guilt. Consciousness of guilt is an action or something that's done to show that you have a guilty mind or guilty conscience or guilty disposition. And I'm going to ask you if you think that there's some consciousness of guilt on the part of the defendant.
>
> Number one, if this was all Caleb's doing or in some respect, or somehow a setup, why did [petitioner] run from the police? Why did he – why did he continue to run from the police, I mean driving a car. I mean we [sic.] weren't just driving down the road. They're driving through the farm, up in a pasture field down through the woods on a farming road. We had to make the police attempt to pit maneuver to try to pull us over because they've been trying to do so for the last ten or fifteen minutes.
>
> What else is reflective of the defendant's consciousness of guilt? Well, he didn't just – once the car was stopped or wrecked or whatever, he just didn't sit in the car and say, "Hey, they got me." He took off running. Well, if he did nothing wrong, he doesn't have any part of this, if he didn't do anything to Caleb, why would he just – why would he take off running from the police? Not only did he run from the police; you heard Trooper Weaver testify that he was combative and resistant to the police.
>
> Something else that I want to bring to your attention is, of course, the – obviously, the pink elephant in the room, is the fact that this seat (indicating) is empty. It's an unusual circumstance, as we talked about earlier today. The fact that the defendant's seat is empty is more unusual because he was here yesterday. He was here during the course of the jury selection. Was it – is he just absent because he heard the bells ringing? The bells were tolling for Victor Tarpley? And when he saw the fourteen of you empaneled as jurors, he knew that his day was soon coming to an end.[14]

Flight can be introduced for the limited purpose of demonstrating consciousness of consciousness of guilt. See: United States v. Arrington, 530 Fed.Appx. 143 (3d Cir. 2013). Because counsel cannot be deemed to have been ineffective for failing to raise a

---

[14] See: Exhibit 32 to the answer at pp. 8-10.

meritless issue, <u>Real v. Shannon</u>, 600 F.3d 302 (3d Cir.2010), this argument does not provide a basis for relief.

Petitioner's remaining argument is that counsel was ineffective as a result of his being appointed on the eve of trial and for lack of preparedness. The argument raised in the Superior Court was:

> Appellant contends the court appointed trial counsel at the" last minute" before trial commenced. Appellant insists trial counsel was unprepared, because he did not interview witnesses or review the evidence at issue. Moreover, Appellant asserts trial counsel informed the court of a scheduling conflict that prevented counsel from participating in the entire trial. Appellant complains the court did not continue the case in light of trial counsel's conflict; rather, the court allowed trial counsel to leave after closing arguments, and another attorney [both of whom were from the office of the public defender and under Pennsylvania law considered members of the same firm, <u>Commonwealth v. Davis</u>, 652 A.2d 885 (Pa.Super. 1995)]("substitute counsel") represented Appellant for the remainder of the proceedings. Appellant concedes substitute counsel represented him for the third day of trial only, which consisted of deliberations and the announcement of the verdict…Appellant concludes trial and substitute counsel were unprepared and ineffective.[15] (footnote omitted).

In response, the Superior Court, observed:

[T]he record belies Appellant's claim that the court appointed trial counsel immediately before trial commenced. Specifically, the public defender's office entered its appearance on Appellant's behalf on October 19, 2010, almost one year prior to trial.

Regarding Appellant's claim that trial counsel effectively abandoned him, the PCRA court noted…

> The record reflects that [trial counsel] was present during the entire trial until the jury began its deliberations, [Substitute counsel] substituted for [trial counsel] for the remaining deliberations and verdict. The Public Defender's Office did not withdraw its representation of [Appellant] until sometime in February 2012…
>
> Since [Appellant] absconded after the first day of trial, he was unable to aid his counsel with his defense. His flight also resulted in the jury being read a "consciousness of guilt" instruction, which undoubtedly impacted the verdict. If anything, [Appellant], not his counsel, prejudiced himself with those actions…

---

[15] See: Exhibit 25 to the answer a p.6.

> We agree with the [trial] court's analysis and emphasize that Appellant has failed to disclose any specific evidence which counsel would have discovered if he had been given extra time to prepare. Appellant also fails to explain how additional preparation on the part of counsel would have helped Appellant's defense. Absent more, Appellant's ineffectiveness claims fail…[16] (footnote omitted).

As the Pennsylvania courts observed, petitioner's actual trial counsel represented him for about a year prior to trial, and it was only after the testimony had ended and jury deliberations commenced, that substitute counsel appeared on petitioner's behalf. The latter merely attended during the jury deliberations and verdict rendering. There is no basis for a claim that this substitute counsel lacked time to prepare for trial since he never participated in the trial. Thus, the petitioner has failed to make a showing that the late appointment of substitute counsel deprived him of the adequate assistance of counsel. Additionally, Tarpley fails to make any showing that trial counsel was not prepared for trial. Thus, his claim that counsel was ineffective does not provide a basis for relief here.

Accordingly, because there is no showing that Tarpley's conviction was secured in any manner contrary to federal law as determined by the Supreme Court nor involved an unreasonable application of that law, he is not entitled to relief and it is recommended that his petition be dismissed. Additionally, because reasonable jurists could not conclude that that a basis for appeal exists, it is also recommended that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Dated: May 19, 2015.  
                                                                        Respectfully submitted,  
                                                                         s/ Robert C. Mitchell  
                                                                         United States Magistrate Judge

---

[16] Id. at pp.8-9.